**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARION JACOBS, | : | |
| | : | Civil Action No. 12-3001 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNIVERSITY OF MEDICINE AND | : | |
| DENTISTRY OF NEW JERSEY, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Marion Jacobs
New Jersey State Prison
Trenton, NJ  08625

Counsel for Defendants
Christine H. Kim
Ofc. of the Attorney General
State of New Jersey
25 Market Street
P.O. Box 112
Trenton, NJ 08625

**WOLFSON**, District Judge

　　Plaintiff Marion Jacobs, a convicted and sentenced prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

　　At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was diagnosed with a pinched nerve and sciatica. He further alleges that he suffers extreme pain throughout most of his body.

Plaintiff alleges that, for a time, he was prescribed "Neurontin," which he alleges provided adequate relief. He alleges that his prescription has been changed to its generic equivalent called "Gabapentin," which he alleges does not work. Plaintiff alleges that the Defendants University of Medicine and Dentistry of New Jersey and nurse Donique Ivery have refused to change Plaintiff's prescription back to Neurontin.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic

>recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has held that the Twombly pleading standard applies to civil rights actions. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

>Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must

4

distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

5

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for

doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). For purposes of this Opinion, the Court will assume that Petitioner's pinched nerve and sciatica constitute serious medical conditions.

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny County Jail v. Pierce,

612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d at 346 (citations omitted). "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." Id. (citations omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in

interminable delays and outright denials of medical care to suffering inmates.'" Id. at 347 (citation omitted).

Here, Plaintiff has failed to plead facts that demonstrate deliberate indifference. Plaintiff has been prescribed a generic equivalent to the name-brand prescription he previously received. Thus, it appears that there is merely a disagreement about treatment, rather than deliberate indifference.

To the extent the generic equivalent is, in fact, ineffective, Plaintiff nevertheless has failed to plead facts suggesting deliberate indifference by the named defendants.

With respect to the nurse Donique Ivery, for example, Plaintiff has failed to plead facts suggesting that the nurse knows that the generic drug is ineffective and is deliberately exposing Plaintiff to pain. Moreover, Plaintiff has failed to describe the level of the nurse's involvement in Plaintiff's care; as the defendant is described as a nurse, the Court is loathe to assume that this Defendant has prescribing authority. In any event, Plaintiff must plead facts describing the defendant's responsibility with respect to his treatment. Nor, in the absence of some meaningful factual description of Defendant Ivery's participation in Plaintiff's care, can this Court determine whether Plaintiff seeks to impose liability based upon an untenable theory of vicarious liability. Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment

10

properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions) with Sprull v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (a non-physician supervisor may be liable under § 1983 if he knew or had reason to know of inadequate medical care).

Similarly, Plaintiff has failed to allege facts suggesting deliberate indifference on the part of the University of Medicine and Dentistry of New Jersey.[1]

As noted above, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional

---

[1] The Court notes that there is some disagreement as to whether the University of Medicine and Dentistry of New Jersey is an arm of the state entitled to immunity under the Eleventh Amendment to the U.S. Constitution. See generally Overton v. Shrager, Civ. No. 09-6299, 2011 WL 2937363 (D.N.J. July 19, 2011) (collecting cases). As Plaintiff has failed to plead facts suggesting deliberate indifference, this Court need not consider the Eleventh Amendment immunity issue at this time.

Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish liability of a government agency under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality or agency was the moving force behind the plaintiff's injury.  Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate

>      decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
>      There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

The same standard applies to claims against a private corporation that is functioning as a "state actor." See Weigher v. Prison Health Services, 402 Fed.Appx. 668, 669-70, 2010 WL 4739701 (3d Cir. Nov. 23, 2010).

Here, Plaintiff has alleged no facts suggesting that the failure to prescribe Neurontin instead of its generic equivalent was the result of an actionable policy or practice on the part of the University of Medicine and Dentistry of New Jersey.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1)

and 42 U.S.C. § 1997e, for failure to state a claim.[2]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to file an application to re-open and to file an amended complaint.[3]  An appropriate order follows.

    s/Freda L. Wolfson
    Freda L. Wolfson
    United States District Judge

Dated:  6-11-12

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.